# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Brent Leray Kitzan, | ) |
| Petitioner, | ) |
| | ) Case No. 3:15-cv-113 |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Chad Pringle, Warden, | ) **AND ORDER** |
| Respondent. | ) |

Brent Leray Kitzan (Kitzan) petitioned for habeas relief under 28 U.S.C. § 2254. Rule 4 of the Rules Governing Section 2254 Cases requires that the court review the petition prior to service on the respondent. "If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief," the court must dismiss the petition. The court now conducts that preliminary review.

## Background

Kitzan pleaded guilty to fourteen counts of theft of property, eight counts of fraudulent insurance acts, and five counts of fraudulent securities practices. (Doc. #1, p. 1). He was sentenced to six years of incarceration and was ordered to pay $747,118.28 in restitution. Id. In his habeas petition, Kitzan contends that the restitution amount he was ordered to pay is incorrect, and that his attorney was ineffective for failing to request a restitution hearing. Id. at 4-5. Kitzan alleges no other grounds for relief.

## Law and Discussion

Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or

laws or treaties of the United States." "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1983). "If the prisoner is not challenging the validity of his conviction or the length of his detention, . . . then a writ of habeas corpus is not the proper remedy." Krueger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996).

Kitzan does not challenge the validity of his convictions or the fact or duration of his confinement; rather, he challenges only the restitution amount. If the court were to find that Kitzan's counsel was ineffective for failing to request a restitution hearing, it would not render Kitzan's custody illegal, and he would not be entitled to release from custody. Kitzan's claim is therefore not properly brought in a federal habeas action, and his petition should be dismissed. See Krueger, 77 F.3d at 1073 (8th Cir. 1996) ("Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."); see also United States v. Kramer, 195 F.3d 1129, 1129-30 (the vacation of a restitution order does not implicate any custody issues).

## Conclusion

It plainly appears from the face of the petition that Kitzan has failed to state a claim that would entitle him to habeas relief, since he does not challenge the validity of his convictions or of his confinement. It is therefore **RECOMMENDED** that Kitzan's habeas petition be **DISMISSED** without prejudice.

Based upon the entire record, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further

proceedings. It is therefore **RECOMMENDED** that a certificate of appealability not be issued by this court. See Tiedemann v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that a district court possesses the authority to issue certificates of appealability under § 2253(c)). It is further **RECOMMENDED** that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken in forma pauperis.

Lastly, Rule 4 of the Rules Governing Section 2254 Cases requires that in "every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved." It is therefore **ORDERED** that the Clerk effect service of the petition and this Report and Recommendation and Order on the attorney general and the respondent. The respondent is not required to answer or otherwise respond to the petition unless otherwise ordered.

Dated this 31st day of December, 2015.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), plaintiff may object to this Report and Recommendation and Order by filing with the Clerk of Court no later than January 19, 2016, a pleading specifically identifying those portions of the Report and Recommendation and Order to which objection is made and the basis of any objection.

Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.